UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-492-FDW
(3:02-cr-150-FDW-1)

| RASHFORD EMANUEL GALLOWAY, | ) |
|---|---|
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1).

## I. BACKGROUND

On May 7, 2002, Petitioner was charged with others in a multi-count Indictment in the Western District. The Indictment alleged that Petitioner and others conspired with intent to distribute cocaine base in an amount in excess of 50 grams and cocaine in an amount in excess of 5 kilograms, all in violation of 21 U.S.C. §§ 846 and 841. The Indictment also charged Petitioner and others with conspiring to import and distribute over 5 kilograms of cocaine into the United States, in violation of 21 U.S.C. §§ 952 and 960. (3:02-cr-150: Doc. No. 3: Indictment at 1-2). The Government later filed an Information pursuant to 21 U.S.C. § 841(b) notifying Petitioner of its intention to seek enhanced penalties based on at least one prior conviction for a controlled substance offense. (Doc. No. 4). Petitioner was appointed counsel and later entered into a Plea Agreement with the Government. (Doc. Nos. 29, 58). On November 8, 2002, Petitioner appeared with counsel and entered his plea of guilty to Count One pursuant to the terms of the Plea Agreement. On April 11, 2003, Petitioner appeared with counsel before the

1

Honorable Richard L. Vorhees for his sentencing hearing and Petitioner was sentenced to 150 months imprisonment for conviction on Count One of the Indictment. On April 22, 2003, the Court entered the Judgment. (Doc. No. 86). Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 91).

On appeal, Petitioner argued that the Government breached the Plea Agreement when they failed to move for a downward departure or reach a determination that he had provided substantial assistance to the Government. The Fourth Circuit denied and dismissed his appeal after concluding that these challenges were expressly waived by Petitioner in his Plea Agreement. The Court therefore found that it was without jurisdiction to consider the issues. United States v. Galloway, 78 F. App'x 252 (4th Cir. 2003) (unpublished). Petitioner filed a petition for a writ of certiorari with the Supreme Court of the United States which was denied by order filed December 8, 2003. (Doc. 127).

On January 10, 2005, Petitioner filed a timely Section 2255 motion and this was denied on March 31, 2005. (Doc. Nos. 130, 131). Petitioner did not appeal. Rather, Petitioner filed a Section 2255 motion with the Fourth Circuit which was also denied by order entered May 13, 2005. The Court observed that Petitioner had not applied for authorization to file a successive Section 2255 motion, which the Court noted was a mandatory prior to filing a second Section 2255 motion. (Doc. No. 161).

On January 8, 2010, Petitioner filed yet another Section 2255 motion. (Doc. No. 217). On January 12, 2010, the Court denied this motion after finding that Petitioner had already sought and been denied relief on the claims raised therein, or Petitioner had waived consideration of the claims because he had failed to raise them in his first Section 2255 motion. Petitioner filed a notice of appeal to the Fourth Circuit and his appeal was dismissed after the Court found that

Petitioner had failed to make the required showing that a certificate of appealability should issue. Galloway v. United States, No. 10-6140 (4th Cir. filed June 10, 2010). (Doc. No. 221).

On August 7, 2012, Petition filed the present Section 2255 motion. (3:12-cv-492, Doc. No. 1). For the reasons that follow, Petitioner's motion will be dismissed.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of, as is relevant for the present inquiry: (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255(h). Petitioner has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit to file a successive petition. Petitioner argues against a

finding that this present Section 2255 is successive because he is relying on a right which was newly recognized by the Supreme Court in recent cases which explained the holding in Strickland v. Washington, 466 U.S. 668 (1984), namely, Missouri v. Frye, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, 132 S. Ct. 1376 (2012). (Doc. No. 1 at 5).

In his Section 2255, Petitioner contends he received ineffective assistance of counsel because his trial counsel convinced him to plead guilty while his co-defendants elected to proceed to trial. The consequence, Petitioner asserts, is that he ultimately received a longer term of imprisonment than those who chose to press their chances before a jury. (Doc. No. 1 at 3). The crux of Petitioner's argument is that the holdings in Missouri and Frye created a new rule of constitutional law as it pertains to counsel's duties during the plea bargaining stage and in counseling Petitioner on his decision of whether to plead guilty or proceed to trial. This argument must fail because these decisions did not recognize or create a new rule of constitutional law, rather these decisions merely explained the expansive nature of the rights defendants have to constitutionally effective assistance of counsel which was expounded in Strickland. See In re Perez, 682 F.3d 930 (11th Cir. 2012) (finding that the right to effective assistance of counsel during plea negotiations existed before Strickland, id. at 932 n.4, and holding that Frye and Lafler did not announce new constitutional rules: "To begin, the Supreme Court in Lafler and Frye confirm that the cases are merely an application of the Sixth Amendment right to counsel, as defined in Strickland." Id. at 932); see also Hare v. United States, 2012 U.S. App. LEXIS 16257, *1-2 (7th Cir. 2012) (denying successive Section 2255 petition and finding Frye and Lafler were not announcing new rules of constitutional law, rather the cases were applying Strickland to the unique facts of each case),

Petitioner's argument that Frye and Lafler created new rules of constitutional law such

that he should be permitted to file this § 2255 within one year of their release and thus perhaps be timely under § 2255(f)(3) is without merit. As these cases did not announce new rules of constitutional law, Petitioner's motion is a successive petition. Petitioner has not obtained authorization from the Fourth Circuit to bring his motion before this Court, and his Section 2255 must be dismissed because this Court is without jurisdiction to entertain its merits.

**IT IS, THEREFORE, ORDERED** that Petitioner Section 2255 motion is **DISMISSED**. (Doc. No.1).

Signed: August 9, 2012

Frank D. Whitney
United States District Judge